Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
206 W. Jefferson St.
Boise, ID 83702
P: 208-481-4812
Email: barkley@barkleysmithlaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>TRANS UNION, LLC & BUILDIUM, LLC<br><br>　　　　　Defendant. | Case No. 1:23-cv-413<br><br>**COMPLAINT**<br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff John Doe, by and through his counsel of record, Barkley B. Smith of Barkley Smith Law, PLLC and allege his cause of action against Defendants as follows:

### INTRODUCTION

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act) and for the common law tort of defamation.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681(p).

3. Venue is proper in this district under 15 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a natural person currently residing in Ada County, Idaho.

5. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

6. Defendant Buildium, LLC (hereafter "Buildium") is a consumer reporting agency which conducts business in the District of Idaho and has its headquarters located at 3 Center Plaza, STE 400, Boston, MA 02108.

7. Defendant Buildium is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681a(d), to third parties. Buildium is a "consumer reporting agency", as defined by 15 U.S.C. § 1681a(f).

8. Trans Union, LLC (TransUnion) is a corporation incorporated under the laws of the State of Ohio and has a designated registered agent: Corporation Service Company, 1305 12th Ave Rd., Nampa, ID 83686.

9. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. §1681(d), to third parties. Experian is a "consumer reporting agency", as defined by 15 U.S.C. § 1681f.

## GENERAL ALLEGATIONS

10. On or about February 19, 2019 Plaintiff was charged with stalking in Ada County Magistrate Court in Ada County, Idaho. The prosecutor eventually dismissed the case.

11. Plaintiff hired an attorney to have the case record sealed. On June 28, 2019 the court entered an order sealing Plaintiff's case, blocking it from the public's view.

12. Upon information and belief, TransUnion itself or another company captured Plaintiff's public record information showing Plaintiff had been charged with stalking before the court entered its order sealing Plaintiff's record.

13. In sealing Plaintiff's record, the court declared: "Furthermore, the Court finds that the court's records contain documents of highly intimate facts or statements, the publication of which would be highly objectionable to a reasonable person, and that the documents or materials contain facts or statements that if disseminated or published, they would reasonably result in economic or financial loss or other harm to [redacted]. I.C.A.R. 32(i). THEREFORE, the records in the above-entitled case, and the corresponding iCourts records are hereby SEALED in their entirety pursuant to Rule 32(i), Idaho Court Administrative Rules."

14. After June 28, 2019, an accurate rendition of Plaintiff's public record does not includ the charge of stalking filed against Plaintiff on February 19, 2019.

15. On or around October 17, 2021, Plaintiff applied to rent an apartment in Boise, ID. To ensure Plaintiff was a qualified applicant, the apartment complex obtained a consumer report from Buildium. In turn, Buildium obtained public record information regarding Plaintiff from Defendant TransUnion to sell to the property manager.

16. Buildium obtained outdated public record information from TransUnion and published the information to the apartment complex. The information included the charge of stalking.

17. Before TransUnion published this information to Buildium, it did not verify the information as accurate by independently searching Idaho's public record system. Buildium did

not independently verify the information as accurate before it sold the inaccurate information to the apartment complex.

18. If Defendant TransUnion or Defendant Buildium had searched Plaintiff's public record information, they would have found that no case file existed that was associated with the case number.

19. Had Defendants searched Idaho public records before publishing the inaccurate information to the property manager, they would have discovered no record exists associated with the case number. Due to the Defendants' faulty procedures, Defendants published public record information that is not accurate, affecting Plaintiff's ability to gain housing.

20. Defendants TransUnion and Buildium have reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to a third party. The inaccurate information is a criminal charge Defendants falsely reported on Plaintiff's credit report, as well as personal identifying information.

21. The inaccurate information negatively reflected upon the Plaintiff and Plaintiff's criminal history and record. The inaccurate information consists of a criminal case that was sealed by an Idaho State Court. In sealing the record, the court found that publication of the record would "reasonably result in economic or financial loss or other harm to "Plaintiff".

22. Defendants Buildium and TransUnion have been reporting the inaccurate information through the issuance of false and inaccurate background reports that it has disseminated to various persons and entities. Defendants have published and disseminated consumer reports to such third parties.

23. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost housing opportunities, harm to credit reputation, and emotional distress, including humiliation and embarrassment.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## FIRST CLAIM FOR RELIEF AGAINST BUILDIUM

26. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

27. Buildium violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

28. As a result of this conduct, action and inaction of Buildium, the Plaintiff has suffered damage by denial of housing and the mental and emotional pain and anguish and the humiliation and embarrassment of the denial of housing.

29. Buildium's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

## FIRST CLAIM FOR RELIEF AGAINST TRANSUNION

30. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

31.    TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

32.    As a result of this conduct, action and inaction of TransUnion, the Plaintiff has suffered damage by denial of housing and the mental and emotional pain and anguish and the humiliation and embarrassment of the denial of housing.

33.    TransUnion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiffs to recover under 15 U.S.C. § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendant on Plaintiff's Claims for Relief for willful and/or negligent violations of the FCRA as follows:

- A. Judgment that Defendant's conduct listed in First Claim of Action violated the FCRA;
- B. Actual damages in an amount which will be determined by a jury;
- C. Statutory damages as determined by the court pursuant to 15 U.S.C. § 1681n;
- D. Punitive damages in an amount which will be determined by a jury pursuant to 15 U.S.C. §1681n;
- E. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n and/or §1681o;
- F. Injunctive relief from further violations.

Respectfully submitted by,

/s/ Barkley B. Smith

BARKLEY B. SMITH
Barkley Smith Law, PLLC